Kirk J. Anderson (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite 300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

Isaac Rabicoff
(Admitted *pro hac vice*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

Attorney(s) for Plaintiff
Optima Direct LLC

Matthew Hawkinson (SBN 248216)
mhawkinson@hycounsel.com
David Yang (SBN 246132)
dyang@hycounsel.com
HAWKINSON YANG LLP
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone: (213) 634-0370
Fax: (213) 260-9305

*Attorneys for Defendant*
DROPBOX, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMA DIRECT LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>DROPBOX, INC.,<br><br>　　　　　Defendant. | Case No. 4:20-cv-01407-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　　　August 17, 2020<br>Time:　　　2:00 p.m.<br>Location:　Courtroom 1, 4th Floor<br><br>Date Complaint Filed: November 12, 2019<br><br>Trial Date: None Set |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Judge Rogers's Standing Order in Civil Cases, and the May 21, 2020 Clerk's Notice Setting Case Management Conference (Dkt. No. 29), the parties to the above-titled action, Plaintiff Optima Direct LLC ("Plaintiff" or "Optima") and Defendant Dropbox, Inc. ("Defendant" or "Dropbox"), jointly submit this Case Management Statement and Proposed Order.

**1.     Jurisdiction and Service**

This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b). This case was originally filed in the Western District of Texas and was transferred to this Court. Dropbox has been served with the complaint and has answered. No issues exist regarding personal jurisdiction, venue, or service.

**2.     Facts**

**Plaintiff Optima:**

Dropbox directly and indirectly infringes U.S. Patent No. 6,963,971 (the '971 patent), literally or by the doctrine of equivalents, by making, using, offering to sell, selling and/or importing a device that encompasses that which is covered by Claim 1 of the '971 patent.

**Defendant Dropbox:**

Dropbox filed its answer and affirmative defenses to the complaint on January 23, 2020 (Dkt. No. 14). Dropbox believes that the principal factual issues in dispute are:

(a) issues relating to the alleged infringement of the '971 patent, in particular the structure and operation of the functionality of the Dropbox product(s) that Plaintiff accuses of infringing the '971 patent;

(b) issues relating to the patent-eligibility of the asserted claims of the '971 patent, including whether the claims are directed to abstract or otherwise patent-ineligible subject matter and, if so, whether the claims add "significantly more" to such subject matter;

(c) issues relating to the invalidity of the asserted claims of the '971 patent, including how the claimed "invention" was anticipated by or obvious over the prior art, and the state of that art at the time of filing;

(d) issues relating to the determination of damages if the claims are found infringed, including the existence of comparable licenses and the proper apportionment for determining the applicable royalty base;

(e) the circumstances relating to the development of the claimed subject matter of the '971 patent, and of its prosecution and issuance as a patent; and

(f) whether Plaintiff Optima conducted a reasonable pre-filing investigation and had a good faith basis for bringing its claims against Dropbox, and whether it continues to have a good faith basis for maintaining its claims.

**3. Legal Issues**

The principal disputed legal issues are:

(a) whether the accused Dropbox product(s) infringe the asserted claims of the '971 patent;

(b) the proper construction of certain terms in the asserted claims of the '971 patent;

(c) whether the asserted claims of the '971 patent are patent-eligible, valid, and enforceable; and,

(d) to the extent any remedy is required, what remedy is appropriate.

**4. Motions**

There are no pending motions. The parties may file summary judgment motions in due course.

**5. Amendment of Pleadings**

The parties propose a deadline of 45 days from the Case Management Conference for amending pleadings.

**6. Evidence Preservation**

The parties have met and conferred, reviewed the applicable preservation guidelines, and taken measures to preserve relevant evidence.

**7.     Initial Disclosures**

The parties agree to exchange initial disclosures pursuant to Rule 26(a) within 14 days of the Case Management Conference.

**8.     Discovery**

No discovery has been taken to date. Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

> **a)   Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties' proposals regarding the timing for expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3) are set forth in Section 17 below.

> **b)   Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters. The parties' proposals regarding when discovery should be completed are set forth in Section 17 below.

> **c)   Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties discussed discovery of ESI during their Rule 26(f) conference. The parties intend to file a proposed stipulated ESI Order to address discovery of ESI, including the particular topics set forth in the Northern District of California's Guidelines for the Discovery of ESI and Checklist for Rule 26(f) Meet and Confer Regarding ESI. The parties will continue to meet and confer in good faith to reach agreement on the terms of the ESI Order and will advise the Court if they are unable to resolve any disputed issues. The parties intend to file the stipulated ESI Order by August 24, 2020.

d) **Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.**

The parties agree that they will not produce and will not list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was created on or after the November 12, 2019 filing date of the complaint. Additionally, the parties agree that they will not produce and will not list on any privilege log any item protected by any privilege, immunity, or protection created by or exchanged with counsel retained for purposes of this litigation.

e) **Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure, Local Rules of this Court, and the ESI Order and Protective Order to be entered in this action.

(i) **Requests for Production of Documents and Things**

The parties agree that each side may serve up to 30 requests for production of documents and things. Voicemails and information stored on mobile devices need not be collected or preserved. The procedure for requests for production that call for production of email will be addressed separately in the parties' stipulated ESI Order.

(ii) **Requests for Admissions**

The parties agree that each side may serve up to 25 requests for admission. Requests for admission related to the authentication and business record nature of documents are exempt from this limitation.

(iii) **Depositions**

*Fact Depositions:*

The parties agree that individual depositions will be subject to the limits contained in the Federal Rules of Civil Procedure. Unless otherwise agreed, depositions will be held at a location within 50 miles of where a witness resides or works or remotely via videoconference.

*Expert Depositions:*

The parties agree that an expert witness may be deposed for up to 7 hours for each

primary issue (*e.g.*, infringement, invalidity) on which that expert has provided an opinion. Thus, if an expert provides an opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be deposed for up to 7 hours regarding infringement and for up to 7 hours regarding invalidity, for a maximum total of 14 hours of deposition time.

      **f)**      **Protective Order**

The parties expect to produce confidential information requiring entry of a protective order in this action. Any confidential information produced prior to entry of a protective order is subject to the Northern District of California Model Protective Order for Litigation Involving Patents (pursuant to Patent Local Rule 2-2). The parties intend to meet and confer in good faith to reach agreement on the terms of a stipulated Protective Order, taking into consideration the Northern District of California Model Protective Order for Litigation Involving Patents, and will advise the Court if they are unable to resolve any disputed issues. The parties shall file the stipulated Protective Order by August 24, 2020.

      **g)**      **Discovery from Experts**

The parties agree that the Federal Rules of Civil Procedure (*e.g.*, Rule 26(b)(4)) and the Local Rules of this Court govern discovery from experts in this case. For experts and consultants retained in anticipation of or in connection with this action, documents constituting drafts of expert reports and declarations and documents constituting notes created by or for an expert in connection with this action are not discoverable, and need not be preserved. Conversations or communications between counsel and experts or consultants shall not be discoverable.

      **h)**      **Service**

The parties agree that service via email is acceptable pursuant to Rule 5(b)(2)(E).

**9.**      **Class Actions**

Not applicable.

**10.**      **Related Cases**

There are no related cases or proceedings.

**11.    Relief**

<u>**Plaintiff Optima:**</u>

1. A judgment that the '971 patent is valid and enforceable;
2. A judgement that Defendant has infringed, contributorily infringed, and/or induced infringement of one of more claims of the '971 patent;
3. An accounting of all damages not presented at trial;
4. A judgment that awards Optima Direct LLC all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the '971 patent, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Optima Direct LLC for Defendant's infringement, and accounting;
5. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Optima Direct LLC be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;
6. that Optima Direct LLC be awarded costs, and expenses that it incurs in prosecuting this action; and,
7. that Optima Direct LLC be awarded such further relief at law or in equity as the Court deems just and proper.

<u>**Defendant Dropbox:**</u>

Dropbox seeks an entry of judgment that Dropbox does not infringe, directly or indirectly, literally or by doctrine of equivalents, any patent-eligible, valid, and enforceable claim of the '971 patent. Dropbox also seeks an entry of judgment that each and every claim of the '971 patent is patent-ineligible, invalid, and/or unenforceable. In addition, Dropbox seeks an entry of judgment that this case is exceptional and an award of reasonable attorney's fees, expenses, and costs.

**12.    Settlement and ADR**

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook,

discussed the available ADR procedures, and considered whether this case would benefit from an ADR procedure. The parties agree to a settlement conference before a magistrate judge, and believe mediation would be most productive after the Court issues its claim construction order. Plaintiff has extended a settlement proposal to Defendant, which Defendant is evaluating.

**13.    Consent to Magistrate Judge For All Purposes**

Not all parties have consented to a Magistrate Judge.

**14.    Other References**

None.

**15.    Narrowing of Issues**

The parties will in good faith attempt to narrow the issues for trial.

**16.    Expedited Trial Procedure**

The parties do not believe that the expedited trial procedure is possible in this case.

**17.    Scheduling**

The parties propose the following schedule, which comports with the Court's Patent Local Rules:

| Event | Date | Governing Rule |
| --- | --- | --- |
| Infringement Contentions | August 27, 2020 | Patent L.R. 3-1 & 3-2 |
| Invalidity Contentions | November 10, 2020 | Patent L.R. 3-3 & 3-4 |
| Exchange of Proposed Claim Terms for Construction | November 24, 2020 | Patent L.R. 4.1(a) |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence | December 15, 2020 | Patent L.R. 4-2 |
| Damages Contentions | December 24, 2020 | Patent L.R. 3-8 |
| Joint Claim Construction Prehearing Statement | January 14, 2021 | Patent L.R. 4-3 |
| Responsive Damages Contentions | February 5, 2021 | Patent L.R. 3-9 |
| Complete Claim Construction Discovery | February 9, 2021 | Patent L.R. 4-4 |
| Optima's Opening Claim Construction Brief | February 24, 2021 | Patent L.R. 4-5(a) |
| Dropbox's Responsive Claim Construction Brief | March 16, 2021 | Patent L.R. 4-5(b) |
| Optima's Reply Claim | March 23, 2021 | Patent L.R. 4-5(c) |

| Construction Brief | | |
|---|---|---|
| Tutorial | Week of April 5 2021 (subject to the convenience of the Court's calendar) | Court's Standing Order for Patent Cases, ¶ 3 |
| Claim Construction Hearing | Week of April 12 2021 (subject to the convenience of the Court's calendar) | Patent L.R. 4-6 |

The parties propose that deadlines for fact and expert discovery, as well as for dispositive motions, be set following the Court's claim construction order, as that order may provide guidance to the parties as to the scope of the disputes remaining to be litigated.

**18.     Trial**

Both parties have requested a jury trial. The anticipated length is 3 days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

The parties have made the required disclosures.

**20.     Professional Conduct**

Counsel have reviewed the guidelines.

**21.     Other**

Pursuant to Patent Local Rule 2-1(b), the parties have also met and conferred regarding the following additional matters:

a)     **Proposed modification of the obligations or deadlines set forth in the Patent Local Rules.**

The parties do not propose any modifications to the obligations or deadlines set forth in the Patent Local Rules, other than those set forth in the scheduling proposal in Section 17 above.

b)     **The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery.**

The parties' proposed schedule above addresses timing of claim construction discovery.

c)     **The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.**

The parties agree that the presentation of argument at the hearing should be in the manner and order that the Court prefers to address the issues. The parties may seek to present live expert witness testimony at the claim construction hearing and any tutorial, and will confer regarding

this issue closer to the date of the hearing. Pursuant to Judge Rogers's Standing Order for Patent Cases, the parties anticipate requesting two (2) to three (3) hours for the Claim Construction Hearing, with each side entitled to half of the total time permitted.

        **d)**        **How the parties intend to educate the court on the technology at issue.**

The parties propose providing the Court with a tutorial regarding the technology at issue prior to the claim construction hearing. Pursuant to Judge Rogers's Standing Order for Patent Cases, the parties anticipate requesting two (2) hours for the tutorial, with each side entitled to one (1) hour.

        **e)**        **Non-binding, good-faith estimate of the damages range.**

Pursuant to Patent Local Rule 2-1(b)(5), Plaintiff Optima makes the following statement:

Without any sales or revenue information, Plaintiff does not yet have a basis to estimate available damages in this case. Plaintiff will supplement this disclosure upon receiving sales information from Defendant.

Pursuant to Patent Local Rule 2-1(b)(5), Defendant Dropbox makes the following statement:

Pursuant to 35 U.S.C. § 285, Dropbox seeks reimbursement of all costs and expenses, including reasonable attorneys' fees, incurred as a result of this action. Such costs and expenses continue to accrue, and therefore, a computation thereof cannot be performed at this time.

//
//
//
//
//
//
//
//
//
//

|     |                           |                                              |
| --- | ------------------------- | -------------------------------------------- |
| 1   |                           | Respectfully submitted,                      |
| 2   | Dated: August 10, 2020    | By: /s/ *Kirk J. Anderson*                   |

Kirk J. Anderson (SBN 289043)
kanderson@budolaw.com
BUDO LAW P.C.
5610 Ward Rd., Suite 300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

Isaac Rabicoff
(Admitted *pro hac vice*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

*Attorneys for Plaintiff*
OPTIMA DIRECT LLC

Respectfully submitted,

Dated: August 10, 2020                    By: /s/ *Matthew Hawkinson*

Matthew Hawkinson (SBN 248216)
mhawkinson@hycounsel.com
David Yang (SBN 246132)
dyang@hycounsel.com
HAWKINSON YANG LLP
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036
Telephone: (213) 634-0370
Fax: (213) 260-9305

*Attorneys for Defendant*
DROPBOX, INC.

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

DATED:

_____
UNITED STATES DISTRICT JUDGE
THE HONORABLE YVONNE GONZALEZ ROGERS